him.    The plaintiffs had proceeded upon a lease of two lots, and an assignment of part of each to the defendant as assignee; they showed a re-appraisement of each entire lot, and an assessment upon the defendant of his moiety of the rent under the re-appraisement.    Upon this they claimed to recover the amount of such moiety of rent of the defendant, but the court below decided the re-appraisement was void, and gave judgment for the defendant—to reverse which, this certiorari was sued out.

*Vinton*, for the defendant in error, insisted that the re-appraisement was invalid because it was made of the entire two lots, by the acre, and not of the separate moiety held by the defendant, and therefore that the judgment of the court below was right.

*Nye*, for the plaintiff in error.

By THE COURT.    The appraisement of the whole tract, *by the acre,* is prima facie an appraisement of *each acre.*    If not so in fact, or the re-appraisement was otherwise illegal, that was matter of defence to be brought forward by the defendant, by plea, or by evidence at the trial.    As there was no such defence in the court below, either upon plea or otherwise, it appears to us the conclusion of the court below was erroneous.

The judgment below is reversed, and the cause remanded for future proceedings.

---

### WILLIAM BURCHET, *v.* FEDIMA BURCHET.

*Divorce—adultery.*

Circumstances will establish a charge of adultery.

DIVORCE.    Cause, adultery with J. Burchet.    Wilson, a witness, proved the marriage, and that in June last he surprised the defendant and J. Burchet in the woods, lying on the ground close together, as if they had carnal connection.    When surprised they jumped up and run.

Mary Ann Ferguson had seen the defendant and J. Burchet lie in bed together all night.

Divorce decreed.